**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: ADVANCE TRANSIT MIX** | **CIVIL ACTION**<br><br>**NO. 26-3314-KSM** |

# MEMORANDUM

**Marston, J.** **August 10, 2026**

The Federal Rules of Bankruptcy Procedure apply even when they may complicate a contested bankruptcy proceeding relating to a family's inheritance. Presently before the Court is a Motion to Quash the Appeal of Michael S. Panichi, Sr. in Part filed by Advance Transit Mix, Inc. ("ATM"), the debtor-in-possession in the underlying bankruptcy proceeding, *In re: Advance Transit Mix, Inc.*, No. 25bk12082 (Bankr. E.D. Pa.). (*See* Doc. No. 2.) Pro se Appellant Panichi, Sr. filed this appeal seeking to overturn three specific orders of the Bankruptcy Court along with "[a]ny related orders arising from or connected to the Court's rulings concerning disclosure obligations, standing, conflicts of interest, or approval of transactions involving estate assets." (Doc. No. 1-1 at 6.) ATM argues that Panichi, Sr.'s appeals are untimely as to two of the specific orders and improperly uncertain as to the related orders. (*See* Doc. No. 2.) Panichi, Sr. disagrees, arguing that his motion for reconsideration before the bankruptcy court tolled the time he had to file his appeal as to the two specific orders, and his unidentified orders are sufficiently encompassed within the other issues he has identified in his notice of appeal. (*See* Doc. No. 4.) For the reasons discussed below, both parties are correct, in part; Panichi, Sr. was timely in his appeal of one of the two identified orders but may not properly preserve for appeal a broad swath of unidentified orders. So, the motion to quash will be granted in part and denied in part.

## I. FACTUAL & PROCEDURAL HISTORY

ATM is a Pennsylvania corporation that owns several cement manufacturing facilities and other real property. (Doc. No. 1-1 at 24–25.) Dante Panichi owned the company until his death on April 22, 2022, at which time ownership and equity transferred to his estate (the "Panichi Estate"). (*Id.*) The Panichi Estate is administered by Anna Panichi, Dante's widow, and has nine beneficiaries, one of whom is Panichi, Sr., Dante's son. Dante Panichi died without a will, and his estate has purportedly been the subject of extensive litigation in the Pennsylvania Court of Common Pleas, Orphans Division.[1] (*Id.*) A little more than three years after Dante's death, on May 27, 2025, ATM filed a voluntary Chapter 11 bankruptcy petition (*id.* at 24), and has employed Ciardi Ciardi & Astin as its bankruptcy counsel (*id.* at 1).

The Panichi Estate beneficiaries do not have equity in and are not creditors of ATM, but due to their interest in the net proceeds of the estate, they have sought to be involved in the bankruptcy proceedings. *See generally* Bankr. Doc. Nos. 229, 235, 241, 243, 246, 248.[2] On March 19, 2026, Phyllis Caprice, Dante's daughter and one of the Panichi Estate's beneficiaries, filed an objection to Ciardi Ciardi & Astin's interim fee application covering the period from May 27, 2025, through February 28, 2026. Bankr. Doc. Nos. 185, 205. In a supplemental statement filed in support of her objection on April 7, 2026, Caprice alleged that Ciardi Ciardi & Astin failed to meet its disclosure obligations in violation of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure because counsel failed to disclose its "meaningful and substantial

---

[1] Panichi, Sr. has asserted that ATM accounts for approximately 95% of the value of the Panichi Estate. (*Id.* at 24.)

[2] In this Memorandum, citations in this format are to documents in the underlying bankruptcy in this action, *In re: Advance Transit Mix, Inc.*, No. 25bk12082 (Bankr. E.D. Pa.), of which the Court takes judicial notice. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

connections with Paul Bucco, Esq. and his firm over many years." Bankr. Doc. No. 228 at 1. Bucco represents the prospective purchaser of ATM's manufacturing plant assets. *Id.* The Bankruptcy Court held a hearing on April 8, 2026 on this issue, after which the court overruled the objection and approved the interim fee application. *See* Bankr. Doc. Nos. 229, 230.

During the same April 8, 2026 hearing, ATM made an oral objection to the beneficiaries' (and specifically Caprice and Panichi, Sr.'s) standing in the bankruptcy proceedings. On April 21, 2026, Panichi, Sr. filed a motion for an order for Ciardi Ciardi & Astin to show cause regarding similar Rule 2014(a) disclosure violations that Caprice had previously objected to and he further argued that the Panichi Estate beneficiaries should be granted derivative standing. (Doc. No. 1-1 at 22–44.) (*Id.*) On April 22, 2026, the Bankruptcy Court held a hearing on ATM's standing objection, Bankr. Doc. No. 231, and the next day issued an order declaring that the Panichi Estate beneficiaries "do not have standing under 11 U.S.C. § 1109(b) to assert objections or claim, file motions, or otherwise participate in the above captioned bankruptcy proceedings." Bankr. Doc. No. 248. The same day, the Bankruptcy Court also struck Panichi, Sr.'s motion to show cause due to the Panichi Estate beneficiaries' lack of standing. Bankr. Doc. No. 249.

On April 30, 2026, Panichi, Sr. filed a motion for reconsideration of the Court's standing decision. (Doc. No. 1-1 at 85–87.) The Bankruptcy Court denied the motion for reconsideration on May 5, 2026. (*Id.* at 92.) Then, on May 12, 2026, Panichi, Sr. filed a notice of appeal from three of the Bankruptcy Court's orders: (1) approval of the interim fee application on April 8; (2) striking of the motion to show cause on April 23, 2026; and (3) denial of the motion for reconsideration on May 5, 2026. Bankr. Doc. No. 274 at 1. He has also appealed from "[a]ny related orders arising from or connected to the Court's rulings concerning disclosure obligations,

standing, conflicts of interest, or approval of transactions involving estate assets" (hereinafter, the "Unidentified Orders"). *Id.*

ATM then filed the instant motion to quash in part Panichi, Sr.'s appeal regarding (1) approval of the interim fee application on April 8, 2026, and (2) striking of the motion to show cause on April 23, 2026, on the grounds that they were untimely filed. (Doc. No. 2-1 at 8–9.) The motion to quash also sought dismissal of the appeal from the Unidentified Orders on the grounds that Panichi, Sr.'s request is moot because such issues are merged with his appeal as to the specific orders under Bankruptcy Rule 8003(a)(4), or, if they are not merged, he failed to attach a copy of the order appealed from as required under Rule 8003(3)(B). (*Id.* at 9–10.) Panichi, Sr. replied arguing that his appeal was timely and proper. (Doc. No. 4.)

## II. LEGAL STANDARD

Congress granted U.S. District Courts jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges under 28 U.S.C. § 158(a)(1). A notice of appeal from a bankruptcy court order "must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). The filing deadline is a mandatory, statutory, and jurisdictional requirement. *See In re Caterbone*, 640 F.3d 108, 111–112 (3d. Cir. 2011) (discussing how the Rule 8002 timeline is incorporated into 28 U.S.C. § 158(c)(2) so it is "statutory and, hence, jurisdictional and non-waivable"); *see also In re Universal Minerals, Inc.*, 755 F.2d 309, 312 (3d. Cir. 1985) (same). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts *and in the time provided by Rule 8002 of the Bankruptcy Rules*. 28 U.S.C. § 158(c)(2) (emphasis added). As a result, "failure to file [a] notice of appeal in

accordance with the statute therefore deprive[s] . . . courts of jurisdiction." *Caterbone*, 640 F.3d at 112 (alteration in original) (quoting *Bowles v. Russell*, 551 U.S. 205, 213 (2007)).

Filing a motion "to alter or amend the judgment under Rule 9023" tolls the deadline for appeal such that the 14-day period begins to run from the denial of such a motion. Fed. R. Bankr. P. 8002(b)(1)(B). A Rule 9023 motion to alter or amend the judgment must be filed within 14 days after the relevant judgment is entered. Fed. R. Bankr. P. 9023(b)(1)(C). Rule 8002 is adapted from Rule 4(a) of the Federal Rules of Appellate Procedure and shortened to ensure prompt appellate review. Fed. R. Bankr. P. 8002 advisory committee's notes; *see also Universal Minerals*, 755 F.2d at 312; *In re Farley*, 158 B.R. 48, 51 (E.D. Pa. 1993). And Rule 9023 incorporates Federal Rule of Civil Procedure 59, and "[a] motion for reconsideration is generally treated as a motion to amend or alter judgment under Fed. R. Civ. P. 59." *In re Taylor*, 343 Fed. App'x 753, 755 (3d. Cir. 2009) (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d. Cir. 1984)).

Rule 8003 also sets requirements for the content of the notice of a bankruptcy appeal. The notice must "(A) conform substantially to Form 417A [the standard notice of appeal form]; (B) be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken; and (C) be accompanied by the prescribed filing fee." Fed. R. Bankr. P. 8003(a)(3). The notice of appeal encompasses all orders that merge into the final judgment, Fed. R. Bankr. P. 8003(a)(4), and "an appeal must not be dismissed for failure to properly identify the judgment or appealable order or decree" if it was filed after entry of the judgment and identifies a merged order. Fed. R. Bankr. P. 8003(a)(7).

## III. DISCUSSION

ATM's motion to quash argues that Panichi, Sr.'s appeal was untimely and improperly filed. It is wholly correct on the latter, but only partially correct on the former, so the motion will be granted in part and denied in part. We discuss each issue in turn.

### *A. The Appeal is Timely Only as to the April 23, 2026 Order of which Panichi, Sr. Sought Reconsideration*

ATM moves to quash two of the three Bankruptcy Court orders that Panichi, Sr. has appealed: (1) the approval of the interim fee application entered on April 8, 2026, and (2) the striking of the motion to show cause on the alleged 2014(a) disclosure violation entered on April 23, 2026. (Doc. No. 2.) In ATM's view, the deadline to appeal was 14 days after each order was entered, or April 22, 2026, and May 7, 2026, respectively, and thus Panichi, Sr.'s May 12, 2026 appeal should be deemed untimely. *See Caterbone*, 640 F.3d at 111–12.

With respect to the April 8, 2026 order, ATM is correct. Notwithstanding the fact that Panichi, Sr. was not even the Panichi Estate beneficiary who objected to the interim fee application, Panichi, Sr. has not identified a subsequent motion by himself or any other party that would have tolled the applicable time to appeal. (*See generally* Doc. Nos. 1, 4.) So, because the appeal as to this April 8, 2026 order was due April 22, 2026, Panichi, Sr.'s appeal is untimely and the Court lacks jurisdiction to hear it.

On the other hand, with respect to the April 23, 2026 order, Panichi, Sr. is correct. On April 30, 2026, Panichi, Sr. filed a motion for reconsideration of the Bankruptcy Court's April 23 order striking his motion to show cause. (Doc. No. 1-1 at 85–87.) As a motion for reconsideration qualifies as a motion "to alter or amend the judgment under Rule 9023," Fed. R. Bankr. P. 8002(b)(1)(B); *see Farley*, 158 B.R. at 51, the 14-day time limit for Panichi, Sr. to file a notice of appeal was tolled until after the Bankruptcy Court denied his reconsideration motion

on May 5, 2026 (*see* Doc. No. 1-1 at 92). So, because Panichi, Sr.'s appeal deadline as to that order was May 19, 2026, his appeal of the April 23, 2026 order is timely. Indeed, just as Panichi, Sr. failed to identify an order that would have tolled the April 8 deadline, ATM fails to identify a reason why Panichi, Sr.'s motion for reconsideration does not toll his appeal deadline for the April 23, 2026 order. Because requiring Panichi, Sr. to have simultaneously filed an appeal of the April 23, 2026 order while the Bankruptcy Court reviewed the motion for reconsideration would be a needless "waste of judicial resources," the motion to quash as to that order will be denied. *Farley*, 158 B.R. at 52.

### *B. As to "Unidentified Orders," the Appeal is Improperly Vague*

Panichi, Sr.'s notice of appeal from the Unidentified Orders "arising from or connected to the Court's rulings concerning disclosure obligations, standing, conflicts of interest, or approval of transactions involving estate assets" is improperly vague and—to the extent it is not moot—does not comply with the requirements under Rule 8003. (Doc. No. 1-1 at 6.) Federal Rule of Bankruptcy Procedure 8003(b)(4) provides that a notice of appeal essentially "permits review of all rulings that led up to the judgment, order, or decree." Fed. R. Bankr. P. 8003 advisory committee's note to 2023 amendment. But a notice of appeal "must state who is appealing, what is being appealed, and to what court the appeal is being taken" and attach the order or orders being appealed. *Id.* Said another way, an appellant cannot preserve his right to appeal an indeterminate number of orders across broad categories without specifying them in a timely notice of appeal. This interpretation is further supported by Federal Rule of Bankruptcy Procedure 8003(a)(4), which states that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the identified judgment or appealable order or decree. It is not necessary to identify those orders in the notice of appeal." So, to the extent that Panichi, Sr.

seeks to appeal additional orders not merged with those specified in his notice of appeal, such an appeal is improper and will be quashed.

## IV. CONCLUSION

The motion to quash the appeal is granted in part and denied in part. It is granted regarding the April 8, 2026 order approving the interim attorney fee application and denied regarding the April 23, 2026 order denying the motion to show cause. And, to the extent not moot, the motion to quash the appeal regarding the other unidentified—and not merged—orders is granted because the appeal is improperly vague.

An appropriate order follows.